UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| James E. Moore and Tim McGough, as Trustees of the Carpenters & Joiners Welfare Fund, Twin City Carpenters Pension Master Trust Fund, and Twin City Carpenters Vacation Fund, and each of their successors, | Civil No. 09-3178 PAM/SER |
| James E. Moore, as Trustee of the Carpenters and Joiners Apprenticeship and Journeymen Training Trust Fund, and each of his successors, | |
| Plaintiffs, | |
| v. | |
| R.T.L. Construction, Inc., and Michael N. Larson, | |
| Defendants. | |
| _____ | **ORDER** |
| Trustees of the Painters and Allied Trades District Council No. 82 Health Care Fund, et al. | Civil No. 09-3177 PAM/SER |
| Plaintiffs, | |
| v. | |
| RTL Construction, Inc., Michael N. Larson and Jeffrey Rensch, | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation of Magistrate Judge Steven E. Rau filed August 23, 2011 (09-3177 Docket No. 177) ("R&R"). The R&R grants in part and denies in part Plaintiffs' Motions for Discovery Sanctions. Both parties timely filed objections to the R&R. (09-3177 Docket Nos. 178 and 180.)

The Court has conducted a <u>de novo</u> review of those portions of the R&R to which the parties object. <u>See</u> 28 U.S.C. § 636(b)(1)(C); D. Minn. L.R. 72.2(b). Based on that review, the Court overrules the parties' objections and adopts the analysis and conclusions as set forth in the R&R.

**BACKGROUND**

In November 2009, trustees of the Carpenters & Joiners Welfare Fund, Twin City Carpenters Pension Master Trust Fund, Twin City Carpenters Vacation Fund, and Carpenters and Joiners Apprenticeship and Journeyman Training Trust Fund and trustees of various Painters and Drywall Funds (collectively "Trustees") filed separate suits against Defendant RTL Construction, Inc. ("RTL")[1], alleging that RTL routinely concealed the actual number of hours paid to its employees in order to avoid making fringe-benefit contributions to Plaintiffs pursuant to the parties' collective bargaining agreements. The Trustees also claim that RTL intentionally failed to disclose certain payroll documents and employment records during an audit performed on behalf of the trustees in April 2009.

---

[1] In addition to RTL, Defendant Michael N. Larson, the president and owner of RTL, has been named in both cases. Defendant Jeffrey Rensch, RTL's controller, is named only in the Painters case.

During discovery, the Trustees requested the production of personnel files, records reflecting the recording of employee time, and payroll registers and reports. Despite the Trustees' requests for this documentation, the record shows that RTL did not produce such documentation until March 2011, after many of the critical depositions in the case had been completed. The Trustees then moved for sanctions against RTL for its withholding of these critical documents. In addition, the Trustees moved for sanctions arguing that RTL intentionally altered evidence and engaged in witness tampering. The Trustees specifically requested that Defendants' Answers be stricken and that default judgment be entered in favor of the Trustees.

Magistrate Judge Rau conducted a thorough review of the record and concluded that: (1) RTL improperly withheld key documents from production; (2) RTL intentionally altered a highly relevant document in bad faith; and (3) there was insufficient evidence in the record to support a finding of witness tampering. (R&R at 12-16.)

Magistrate Judge Rau further concluded that RTL should be sanctioned as a result of its misconduct, but not to the degree requested by the Trustees. (Id. at 9.) Instead of recommending that the Court strike RTL's Answers and enter default judgment, Magistrate Judge Rau crafted sanctions tailored to RTL's misconduct. Specifically, Magistrate Judge Rau recommended that the Court direct a factual finding that RTL requested that employees agree to work more hours each day than they would be paid for in order to circumvent paying the funds as mandated by the parties' collective bargaining agreements. (Id. at 16, 17.) Magistrate Judge Rau also recommended that RTL pay Plaintiffs $20,000 as reasonable

compensation for attorney's fees and costs in seeking the withheld discovery and in moving for sanctions. (Id. at 17.)

Both parties have filed objections to the R&R. The Trustees object to the R&R insofar as it recommends the imposition of lesser sanctions than they believe are called for under the circumstances. (09-3177 Docket No. 178.) Defendants object on the basis that the R&R erroneously concludes that they engaged in sanctionable conduct. (09-3177 Docket No. 180.)

**DISCUSSION**

As to the issue of whether RTL engaged in sanctionable conduct, the Court agrees with Magistrate Judge Rau that RTL improperly withheld key documents from production and that RTL intentionally altered a highly relevant document (indeed, RTL admits the latter). The Court also agrees that there is insufficient evidence in the record at this time to conclude that RTL has engaged in witness tampering.

The Court also concurs with Magistrate Judge Rau's recommended sanction for this misconduct. The Court has authority under Fed. R. Civ. P. 37 and its inherent disciplinary power to impose sanctions under these circumstances. Stevenson v. Union Pac. R.R. Co., 354 F.3d 739, 745 (8th Cir. 2004). The recommended sanction is appropriately directed to the misconduct at issue. The imposition of attorney's fees is also appropriate given the bad faith exhibited by RTL. Chambers v. NASCO, Inc., 501 U.S. 32, 44-45 (1991).

**CONCLUSION**

Accordingly, based on the R&R, and all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Magistrate Judge Rau's Report and Recommendation (09-3177 Docket No. 177) is **ADOPTED**;

2. The Trustees' Motions for Discovery Sanctions (09-3177 Docket No. 97 and 09-3178 Docket No. 108) are **GRANTED in part** and **DENIED in part**;

3. Within 30 days of the date of this Order, Defendant RTL Construction, Inc. shall pay both Plaintiffs' groups $10,000 ($20,000 collectively), as reasonable compensation for attorney's fees and costs incurred in seeking the withheld discovery and in moving for sanctions.

4. The Court directs a factual finding that Defendant RTL Construction, Inc. requested that employees agree to work more hours each day than they would be paid for in order to circumvent paying the Funds CBA-mandated benefits.

Dated: October 6, 2011

                                                    *s/ Paul A. Magnuson*
                                                  Paul A. Magnuson
                                                  United States District Court Judge